UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

| | |
|---|---|
| WILMINGTON TRUST COMPANY AS SUCCESSOR TRUSTEE TO THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-5, | REPORT AND RECOMMENDATION |
| Plaintiff, | 25-CV-5055 (FB)(MMH) |
| -against- | |
| BIBI ALI *et al.*, | |
| Defendants. | |

------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Wilmington Trust Company, as successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificate holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-5 ("Plaintiff" or "Wilmington") initiated this diversity action pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") seeking to foreclose on a mortgage encumbering a property located at 101-44 133rd Street, Richmond Hill, New York 11419 ("the Property"). (*See generally* Compl., ECF No. 1.)[1] Defendants include individuals Bibi Ali and Intaz Ali, government agencies the New York City Environmental Control Board and the New York City Department of Finance Parking Violations Bureau, and twelve "John

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

Doe" individuals. (*Id.*) Before the Court is Plaintiff's motion for default judgment of foreclosure and sale pursuant to Federal Rule of Civil Procedure 55(b)(2). (*See generally* Notice of Mot., ECF No. 17.) The Honorable Frederic Block referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for default judgment should be **denied** and that this action should be dismissed without prejudice.

## I. BACKGROUND

The following facts are taken from the Complaint, whose well-pleaded allegations are assumed to be true, and the uncontroverted documentary evidence submitted in support of the motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

Plaintiff is organized under the laws of the United States and organized and headquartered in Delaware. (Compl., ECF No. 1 ¶ 1.) The Alis reside at and are record owners of the Property.[2] (*Id.* ¶¶ 3–4.) The Agency Defendants hold judgment liens that are subordinate to Plaintiff's mortgage and thus are necessary defendants under RPAPL § 1311(3).

---

[2] The record includes multiple variations of the Property's address, including, *inter alia*, "101-44 133 Street, Jamaica, New York - 11419 – 2302" (Compl. Ex. 1, ECF No. 1-1 (Schedule "A" Property Description)); "101-44 133 Street Jamaica, NY 11419" (*Id.* Ex. 2, ECF No. 1-2 (Lien Document)); "11004 103rd Ave, South Richmond, NY 11419" (*Id.* Ex. 3, ECF No. 1-3 (Lien Document)); "101-44 133RD Street, Richmond Hill, New York 11419" (Lopez Decl. Exs. 3 and 4, ECF Nos. 17-12 at 2 & 17-13 at 5 (Note & Mortgage)); "101-44 133rd Street, Jamaica, NY 11419" (*Id.* Ex. 5, ECF No. 17-14 at 3 (Loan Modification 2010)); "10144 133rd St Jamaica, NY 11419" (*Id.* Ex. 6, ECF No. 17-15 at 3 (Loan Modification 2013); *id.* Ex. 8, ECF No. 17-17 at 4 (Loan Modification 2018); and *id.* Ex. 9, ECF No. 17-18 at 6 (Loan Modification 2020)); "10144 133rd St, Jamaica, NY 11419-2302" (*Id.* Ex. 7, ECF No. 17-16 at 3 (Loan Modification 2015)); and "10144 133RD ST Jamaica NY 11419-2302" (U.S. Postal Service Zip Code by Address listing available at https://tools.usps.com/zip-code-lookup.htm?byaddress (last visited Sep. 15, 2026)).

(*Id.* ¶¶ 5–6.). The John Doe Defendants are named as unknown tenants, persons, or entities, among others, claiming any liens on the Property. (*Id.* ¶ 7.)

On August 12, 2005, Bibi Ali executed and delivered to Columbia Home Loans, LLC ("Columbia") an adjustable rate note (the "Note") in the amount of $279,000.00. (Compl., ECF No. 1 ¶ 10; *id*. Ex. 4, ECF No. 1-4.) That same day, as collateral security for the re-payment of the Note, both Alis executed and delivered to Columbia a mortgage (the "Mortgage"), which was recorded in Queens County on September 1, 2005. (Compl., ECF No. 1 ¶ 11; *id*. Ex. 5, ECF No. 1-5.) Through a series of assignments between 2004 and 2025, Plaintiff became the holder of the original endorsed Note and the Mortgage and possesses two allonges affixed to the Note. (*See* Compl., ECF No. 1 ¶¶ 13–14; *id.* Ex. 4, ECF No. 1-4 at 6–7; Lopez Decl. Ex. 10, ECF No. 17-19 at 2–11.) The Alis executed four loan modifications between 2010 and 2020. (Compl., ECF No. 1 ¶ 12; *id*. Exs. 6–10, ECF Nos. 1-6 to 1-10.)

Pursuant to the terms of the Note, as modified, the Alis were required to make monthly payments of principal and interest beginning on July 1, 2020 and continuing each month thereafter. (Compl. Ex. 10, ECF No. 1-10.) The Alis stopped making monthly payments pursuant to the terms of the Note as of November 1, 2022, and, as of September 9, 2025, the outstanding principal balance was $418,036.68 plus interest, taxes, assessments, leasehold payments or ground rents (if any), and applicable hazard and mortgage insurance. (Compl., ECF No. 1 ¶¶ 16, 19.)[3]

[3] In the motion papers, Plaintiff avers that the Alis made four payments between March 2023 and January 2024, which were applied to the installments due between October 2022 and December 2022. (Lopez Decl., ECF No. 17-9 ¶ 8; *see also id.* Ex. 14, ECF No. 17-23 at 4.) As a result of these payments, the payment due date moved to January 1, 2023, but the loan was not brought current. (Lopez Decl., ECF No. 17-9 ¶ 8.)

Plaintiff initiated this lawsuit on September 9, 2025 against the Alis, the Agency Defendants, and the John Doe Defendants. (*See generally* Compl., ECF No. 1.) Plaintiff served the summons and Complaint on the Agency Defendants on September 18, 2025, and on the Alis on September 27, 2025. (*See* ECF Nos. 9–12.) At Plaintiff's request, after Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered default against them on November 10, 2025. (*See* ECF Nos. 13–14.)

On December 9, 2025, Plaintiff moved for default judgment, seeking (1) default against the Alis and the Agency Defendants; (2) judgment of foreclosure and sale pursuant to RPAPL § 1351, and appointment of a referee to conduct a foreclosure auction of the Property; and (3) dismissal of any claims against the John Doe Defendants. (*See* Not. of Mot., ECF No. 17.) Judge Block referred the motion for report and recommendation. (*See* Dec. 11, 2025 Ref. Order.)

## II. <u>DISCUSSION</u>

### A. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. *See* Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Windward Bora, LLC v. Weiss*, 717 F. Supp. 3d 247, 257 (E.D.N.Y. 2024). To "enter or

effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "a default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *PHH Mortg. Corp. v. Allwood*, No. 25-CV-5639 (MKB), 2026 WL 1552683, at *2 (E.D.N.Y. June 2, 2026) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. V. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

As discussed below, default judgment is inappropriate here because the Court lacks subject matter jurisdiction over this action and Plaintiff's motion contains multiple statutory deficiencies.

**B. Subject Matter Jurisdiction**

Plaintiff fails to establish this Court's subject matter jurisdiction over its New York State statutory foreclosure claim. *See Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-150 (ALC), 2021 WL 4427016, at *3 (S.D.N.Y. Sep. 27, 2021) ("Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action.") (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–27 (2d Cir. 2011)).

Plaintiff asserts this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Compl., ECF No. 1 ¶ 8), which grants district courts "original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Since it implicates the power of the Court, subject matter jurisdiction can never be forfeited or waived; if a court determines at any point that subject matter is lacking, the court must dismiss the case." *Wells Fargo Bank, Nat'l Ass'n v. Ramsunder*, No. 24-CV-6099 (EK)(CLP), 2025 WL 2933023, at *3 (E.D.N.Y. July 24, 2025) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)), *R. & R. adopted b*y 2025 WL 2682266 (E.D.N.Y. Sep. 19, 2025)); *see also* Fed. R. Civ. P. 12(h)(3). "The party seeking to invoke a court's jurisdiction bears the burden of 'prov[ing] jurisdiction by a preponderance of evidence.'" *Flagstar Fin. & Leasing, LLC v. Pikes Peak Spine & Joint, LLC*, No. 24-CV-3912 (ERK)(SIL), 2025 WL 486689, at *1 (E.D.N.Y. Feb. 13, 2025) (quoting *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)).

Plaintiff sues in its capacity as "successor trustee to The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificate holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-5." (*See generally* Compl., ECF No. 1.) The Complaint alleges that all Defendants are citizens of New York and that Plaintiff is "organized under the laws of the United States and is a citizen of Delaware because it is organized and headquartered in Delaware." (*Id.* ¶¶ 2–6.) These conclusory allegations do not establish whether Plaintiff's citizenship governs the diversity analysis.

"A trustee's own citizenship controls for purposes of determining diversity jurisdiction only if the trustee 'possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others,' because that authority is what makes the trustee 'a real party to the controversy.'" *Deutsche Bank Nat'l Tr. Co. as Tr. of Home Equity Mortg. Loan Asset-Backed*

*Tr. Series INABS 2006-D, Home Equity Mortg. Loan Asset-Backed Certificates Series INABS 2006-D under the Pooling & Servicing Agt. Dated Sept 1, 2006 v. Tacoaman*, No. 25-CV-1698 (MKB)(JRC), 2026 WL 498199, at *3 (E.D.N.Y. Feb. 12, 2026) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) and *Wilmington Sav. Fund Soc'y, FSB as Tr. For Premium Mortg. Acquisition Tr. v. Okunola*, No. 18-CV-2084 (AMD)(PK), 2023 WL 9507759, at *2 (E.D.N.Y. Mar. 15, 2023)), *R. & R. adopted sub nom. Deutsche Bank Nat'l Tr. Co. v. Tacoaman*, No. 25-CV-1698 (MKB)(JRC), 2026 WL 624360 (E.D.N.Y. Mar. 5, 2026). "Without such customary powers, the trustee is a 'naked trustee' with no interest in the underlying litigation." *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485 (JPO), 2014 WL 470883, at *3 (S.D.N.Y. Feb. 6, 2014) (quoting *Navarro*, 446 U.S. at 465), *on reconsideration in part* 2014 WL 2117243 (S.D.N.Y. May 21, 2014). "If a trustee is . . . a mere naked trustee, the trust's beneficiaries are the real parties to the controversy, and their citizenship will control for diversity purposes." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Tapler*, No. 19-CV-1101 (ENV)(ST), 2024 WL 5682361, at *4 (E.D.N.Y. Dec. 26, 2024) (quoting *Ullah*, 2014 WL 470883, at *3.)

"In determining whether a trustee wields sufficient control over the assets of the trust to be considered the real party in interest, courts look to the terms of the trust agreement to discern the scope of the trustee's power." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Desrosiers*, No. 17-CV-7338 (JMW), 2021 WL 5630899, at *3 (E.D.N.Y. Dec. 1, 2021) (collecting cases). In other words, Wilmington must allege that as trustee it has "legal title to the trust, manages the trust assets and controls the litigation in order for [its] citizenship to control for purposes of diversity." *Windward Bora, LLC v. LaSalle Bank NA as Tr. for Washington Mut. Mortg. Pass-Through Certificates WMalt Series, 2007-7 Tr.*, No. 20-CV-

2304 (PKC)(RER), 2021 WL 7908039, at *4 (E.D.N.Y. May 3, 2021). Courts "uniformly" dismiss cases for lack of subject matter jurisdiction when a trustee fails to provide the Court with the trust's governing instruments or the text thereof, since the omission renders the Court incapable of determining whether the trustee is the real party in interest. *Ramsunder*, 2025 WL 2933023, at *5 (citing *Tapler*, 2024 WL 5682361, at *4, *Okunola*, 2023 WL 9507759, at *4, and *U.S. Bank Nat'l Assoc. as Tr. for RMAC Tr., Series 2016-CCT v. Desrosiers*, No. 17-CV-7338 (AKT), 2021 WL 2662042, at *5 (E.D.N.Y. Mar. 31, 2021)).

After carefully reviewing the voluminous record, the Court cannot conclude that Wilmington is the real party in interest in this action. The Complaint does not allege whether Plaintiff has legal title to the trust, or control or management of the trust's assets, instead alleging only that Plaintiff is the owner of the Note and Mortgage. *See Ramsunder*, 2025 WL 2933023, at *6 (recommending denying default judgment motion for lack of subject matter jurisdiction based on plaintiff's insufficient allegations concerning its control of trust assets). The Complaint also does not allege (1) the citizenship of the Certificate holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-5, who would be the real parties to the controversy for diversity jurisdiction if Plaintiff was a "naked trustee," or (2) that the Certificate holders are diverse to Defendants. *See Tapler*, 2024 WL 5682361, at *4. The pleadings also do not include any trust agreement or other document governing Plaintiff's authority over the trust asset and the attached mortgage documents do not refer to Plaintiff or its authority as trustee. "Without such documentation included with the pleading, neither the Court nor the defendants can evaluate whether plaintiff has sufficient control over the trust to be the real party in interest." *See Ramsunder*, 2025 WL 2933023, at *6.

Further, the record evidence does not establish Plaintiff's control or management of the trust assets sufficient for its citizenship to be considered for diversity purposes.[4] Plaintiff's counsel's declaration and the memorandum of law do not refer to Plaintiff's governing documents. (*See generally* Krapf Decl., ECF No. 17-3 & Mem., ECF No. 19.) The assignment of the Mortgage to Plaintiff, executed on May 29, 2025, merely refers to Plaintiff as "successor trustee" with no mention of its powers under any trust agreement. (Lopez Decl. Ex. 10, ECF No. 17-19.) The evidence regarding mortgage servicing also falls short. Plaintiff attaches a Limited Power of Attorney ("LPOA"), which refers to a "Pooling and Servicing Agreement" and assigns mortgage servicer PHH Mortgage Corporation ("PHH") the authority to conduct multiple transactions related to the Mortgage. (Lopez Decl. Ex. 2, ECF No. 17-11.) "Plaintiff, however, puts the cart before the horse in focusing first on the [LPOA], as any power that Plaintiff has as Trustee is innately derived from the Trust Agreement. The proper analysis therefore begins by examining the scope of Plaintiff's authority as delineated by the Trust Agreement." *Desrosiers*, 2021 WL 5630899, at *4. As a result, "this Court concludes that the [LPOA] also fails to grant Plaintiff, as Trustee, sufficient authority for it to be the real party in interest to this action." *Tapler*, 2024 WL 5682361, at *8. Absent further information, Plaintiff does not meet its burden to establish complete diversity between the parties.

---

[4] *See Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.") (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

Because the Court lacks subject matter jurisdiction over this matter, the Court respectfully recommends that Plaintiff's motion for default judgment should be denied and that the Complaint should be dismissed without prejudice.

**C. Statutory Compliance**

Even if the Court did have subject matter jurisdiction, default judgment is not appropriate because Plaintiff does not demonstrate full compliance with New York's statutory requirements, some of which are conditions precedent to residential foreclosure actions.

"To foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment of the loan." *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *6 (E.D.N.Y. July 5, 2022) (quoting *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656 (NGG)(CLP), 2015 WL 5706945, at *5 (E.D.N.Y. Sep. 2, 2015), *R. & R. adopted by* 2015 WL 5706953 (E.D.N.Y. Sep. 28, 2015)), *R. & R. adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022). "New York foreclosure plaintiffs must also satisfy the relevant statutory requirements of the RPAPL and New York Civil Practice Law and Rules ('CPLR')." *PHH Mortg. Corp. v. Cruz Rivas*, No. 24-CV-7050 (NG)(ST), 2026 WL 1898980, at *4 (E.D.N.Y. Apr. 28, 2026). "Though these requirements are sometimes described as 'procedural,' they are 'substantive in nature' and thus must be followed in federal court as well as state court." *Id.* (quoting *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 333–34 (E.D.N.Y. 2024)).

"Pursuant to Article 13, the plaintiff in a residential foreclosure action is required to (1) serve a [specifically formatted] notice on the defendants along with the summons and complaint, *see* RPAPL § 1303; (2) serve a specific notice at least ninety days before

commencing the foreclosure action, RPAPL § 1304; (3) file specific information with the Superintendent of the New York State Department of Financial Services [("DFS")] within three business days of mailing the ninety-day notice required by RPAPL § 1304, RPAPL § 1306; (4) serve a special summons once the foreclosure action has been filed, RPAPL § 1320; and (5) file a notice of pendency of the action in the clerk's office in the county where the subject property is located, RPAPL § 1331." *See Blue Castle (Cayman) Ltd. v. Tawil*, No. 24-CV-1082 (MKB), 2025 WL 2482306, at *4 (E.D.N.Y. Aug. 28, 2025) (cleaned up). "[C]ompliance with these statutes is a 'condition precedent' to the commencement of a foreclosure action and [Plaintiff] has the burden of establishing satisfaction of that condition." *United States v. Starr*, No. 16-CV-1431 (NSR), 2017 WL 4402573, at *3 (S.D.N.Y. Sep. 29, 2017) (citing *Onewest Bank, N.A. v. Guerrero*, 14-CV-3754 (NSR), 2016 WL 3453457, at *5 (S.D.N.Y. 2016)). In addition, C.P.L.R. § 3012-b requires the complaint in residential mortgage foreclosure actions to be accompanied by a certificate of merit signed by plaintiff's counsel. *See* N.Y. C.P.L.R. § 3012-b(a).

The Court finds that Plaintiff has failed to comply with RPAPL §§ 1304, 1306, 1320, 1331, and CPLR § 3012-b and thus the motion for default judgment should be denied.

**1. RPAPL § 1304**

Pursuant to RPAPL § 1304, "with regard to a home loan," a lender or assignee must give notice to the borrower at the property address at least 90 days before commencing legal action against her. N.Y. Real Prop. Acts. Law § 1304(1). The notice must include several pages of specific text set forth in the statute in at least 14-point font. *Id.*; *see also Bank of Am., N.A. v. Kessler*, 39 N.Y.3d 317, 321 (2023) (summarizing requirements). "RPAPL [§] 1304 notice must be sent by registered or certified mail and by first-class mail to the last known

address of each borrower and to the subject property in a separate envelope from 'any other mailing or notice.'" *Wilmington Tr., Nat'l Ass'n v. Singh*, 241 N.Y.S.3d 480, 482 (2d Dep't 2025) (quoting N.Y. Real Prop. Acts. Law § 1304(2) and citing *MTGLQ Invs., L.P. v. Daleo*, 214 N.Y.S.3d 442, 445 (2d Dep't 2024)). "'Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.'" *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 338 (2d Cir. 2021) (summary order) (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)).

On a default judgment motion, "a plaintiff must provide more than a 'bare assertion' of compliance to satisfy the requirements of §§ 1304 and 1306." *Freedom Mortg. Corp. v. Cadet*, No. 19-CV-3158 (RRM)(VMS), 2023 WL 6594017, at *4 (E.D.N.Y. Mar. 10, 2023) (quoting *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG)(SJB), 2022 WL 4445399, at *3 (E.D.N.Y. Sep. 23, 2022)), *R. & R. adopted by* 2023 WL 6358070 (E.D.N.Y. Sep. 29, 2023). "A lender may create a rebuttable presumption that it complied with § 1304 by submitting 'proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure,'" or "'proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures.'" *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 & n.2 (2d Cir. 2021) (quoting *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 277 (2019)). "Failure to attach the relevant notices, mailing receipts, and proof of filing suggests non-compliance, and requires the denial of a motion for default judgment." *Cadet*, 2023 WL 6594017, at *4 (cleaned up).

The Complaint alleges that Plaintiff complied with RPAPL § 1304 but does not attach the notices. (Compl., ECF No. 1 ¶ 17.) To support the proposed default judgment, Plaintiff submits the § 1304 notice, first class and certified mailing labels with mail bar codes, and a declaration stating that the "90-day pre-foreclosure notices" were mailed to the Alis at the Property on October 13, 2022 by certified and first-class mail. (Lopez Decl., ECF No. 17-9 ¶ 10; *id.* Ex. 12, ECF No. 17-21.) However, "no *receipts* were in fact attached—the copies of notices attached to the affidavit contain mail bar codes, which are not the same thing as certified mailing receipts. . . . It is well-established that bar codes alone do not establish proof of mailing." *Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 464 (E.D.N.Y. 2022) (collecting state and federal cases); *CIT Bank, N.A. v. McDonnell*, No. 18-CV-476 (CBA)(SJB), 2023 WL 2361381, at *6 (E.D.N.Y. Feb. 2, 2023) ("Bar codes are not the same as certified mailing receipts; and as such, bar codes alone are insufficient to provide proof of mailing."); *see also Singh*, 241 N.Y.S.3d at 483 ("The certified mail receipts submitted by the plaintiff were not stamped or postmarked, and the domestic return receipts were unsigned. Thus, there was inadequate proof that the notices of default were actually delivered to the defendant.") The declarations from Plaintiff's counsel and its mortgage servicer, PHH, also fail to state any facts regarding Plaintiff's customary mailing procedures in effect in October 2022 when the § 1304 notice was purportedly mailed. (*See generally* Krapf Decl., ECF No. 17-1 & Lopez Decl., ECF No. 17-9.) Therefore, Plaintiff has not established proof of a standard office practice and procedure in place to ensure that notices are properly mailed and addressed using certified mail and that records of the mailing are regularly maintained by Plaintiff. *See Wells Fargo Bank, N.A. v. Trupia*, 150 A.D.3d 1049, 1050–51 (2d Dep't 2017).

Accordingly, the Court finds that Plaintiff has failed to demonstrate compliance with RPAPL § 1304. For this reason alone, the motion for default judgment should be denied.

**2. RPAPL § 1306**

RPAPL § 1306 provides that a lender, assignee or mortgage loan servicer must file with the New York State Superintendent of Financial Services specific borrower information within three business days of mailing of the RPAPL § 1304 notice. *See* N.Y. Real Prop. Acts. Law § 1306(1). This filing shall "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91 (FB)(RLM), 2022 WL 1422841, at *7 (E.D.N.Y. Mar. 24, 2022) (citing N.Y. Real Prop. Acts. Law § 1306(2)), *R. & R. adopted sub nom. U.S. Bank, Nat'l Ass'n as trustee for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91 (FB)(RLM), 2022 WL 2390989 (E.D.N.Y. July 1, 2022). "While the principal objective of the filings is to provide statistical data permitting [DFS] to accurately track and analyze loans at risk of foreclosure and properly allocate foreclosure counseling resources statewide, the purpose of the specific borrower information on the RPAPL § 1306 Form is to assist mortgage counselors working with [DFS] to contact the Borrower and provide counseling to avoid foreclosure." *Windward Bora LLC v. Durkovic as Tr. of McQueen Fam. Tr.*, No. 22-CV-411 (MKB)(LGD), 2022 WL 16230872, at *5 (E.D.N.Y. Oct. 28, 2022) (cleaned up) (quoting *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 559–60, (2021)), *R. & R. withdrawn in part on denial of reconsideration*, 2022 WL 16702694 (E.D.N.Y. Nov. 2, 2022), and *adopted as modified by* 2022 WL 17987045 (E.D.N.Y. Dec. 29, 2022). Any complaint served in a RPAPL proceeding "shall contain, as a condition precedent

to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with" RPAPL § 1306. N.Y. Real Prop. Acts. Law § 1306(1).

Although the Complaint alleges Plaintiff's compliance with § 1306 (Compl., ECF No. 1 ¶ 17), the evidence submitted to justify default judgment undermines this assertion. Plaintiff submits a "Proof of Filing Statement" ("POF") from DFS for each Ali with a stated filing date of October 17, 2022, and a declaration stating that PHH "performed the [DFS] Step 1 filing within three business days of mailing the 90-day letter," in accordance with RPAPL § 1306. (Lopez Decl., ECF No. 17-9 ¶ 11; *id.* Ex. 13, ECF No. 17-22.) While the filing with DFS may have been timely, the information in the POFs is incomplete or inconsistent with the record before the Court. For example, Intaz Ali's POF does not include his last known telephone number. (Lopez Decl. Ex. 13, ECF No. 17-22 at 3.) Further, both Alis' POFs state that there was no loan modification, yet Plaintiff's own submissions establish proof of the five loan modifications that the Alis executed in 2010, 2013, 2015, 2018, and 2020. (*See* Compl. Exs. 6–10, ECF Nos. 1-6 to 1-10.) Plaintiff does not explain these discrepancies. Thus, "Plaintiff's failure to strictly comply with § 1306—a condition precedent to commencing a residential foreclosure proceeding—is fatal to its motion for a default judgment." *See Blue Castle (Cayman) Ltd. v. Yee*, No. 23-CV-1724 (LDH)(LB), 2024 WL 4485498, at *4 (E.D.N.Y. Feb. 20, 2024)), *R. & R. adopted by* 2024 WL 4344788 (E.D.N.Y. Sep. 30, 2024), *reconsideration denied*, 2025 WL 2793648 (E.D.N.Y. Sep. 30, 2025).

Accordingly, the Court finds that Plaintiff has failed to demonstrate compliance with RPAPL § 1306, and recommends denial of default judgment on that basis.

**3. RPAPL § 1320**

Pursuant to RPAPL § 1320, a residential mortgage foreclosure action involving up to three units requires the summons to contain a notice in bold face font warning borrowers that they are in danger of losing their home. N.Y. Real Prop. Acts. Law § 1320; *Cruz Rivas*, 2026 WL 1898980, at *4. "The purpose of the additional notice arises from 'members of the Judiciary who believe[d] that unsophisticated homeowners [ ] do not receive sufficient notice that they are about to lose their homes through foreclosure.'" *Fed. Sav. Bank v. Louis*, No. 24-CV-7950 (AMD)(LB), 2025 WL 1474155, at *4 (E.D.N.Y. May 15, 2025) (quoting N.Y. Bill Jacket, 2007 S.B. 4210, Ch. 458), *R. & R. adopted by* 2026 WL 445301 (E.D.N.Y. Feb. 17, 2026).

The record does not establish Plaintiff's compliance with § 1320. Neither summons issued for the Alis includes any of the required RPAPL § 1320 language and Plaintiff did not request such notice. (ECF Nos. 5–6). Moreover, the process server's affidavits vaguely state that they served the Alis with "the Notice required by RPAPL Section 1320" (Affidavits of Service, ECF Nos. 9–10), but do not attach or otherwise describe the notice's specific formatting requirements. *Accord Wilmington PT Corp. v. Gray*, No. 19-CV-1675 (AMD) (TAM), 2025 WL 857979, at *6 N.4 (E.D.N.Y. Mar. 19, 2025) (finding process server's affidavit sufficient to establish compliance with RPAL § 1303 where the affidavit described the served notice's font size and paper type, which are statutorily prescribed). The record does, however, include a copy of a document that includes § 1320's required language, but it is attached to the Notice of Pendency that Plaintiff submitted to the Queens County Clerk of Court. (Krapf Decl. Ex. 2, ECF No. 17-3 at 11.) It is therefore unclear whether this document was served on the Alis with process as required under RPAPL § 1320.

Accordingly, because the Court finds that Plaintiff has not complied with RPAPL § 1320, default judgment should be denied.

**4. RPAPL § 1331**

RPAPL § 1331 requires that the plaintiff in a residential foreclosure action, "at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action[.]" *See* N.Y. Real Prop. Acts. Law § 1331. The notice of pendency is also subject to Article 65 of the CPLR, *see* N.Y. C.P.L.R. § 6501, which provides that "[u]nless it has already been filed in that county, the complaint shall be filed with the notice of pendency." N.Y. C.P.L.R. § 6511(a). "The failure to file a complaint with the notice of pendency, as statutorily required, render[s] Plaintiff's notice defective and void." *Avail 1 LLC v. Lemme*, No. 23-CV-1527 (BKS)(PJE), 2025 WL 2144693, at *3 (N.D.N.Y. July 29, 2025) (quoting *Ditech Fin. LLC v. Sterly*, No. 15-CV-1455 (MAD)(TWD), 2016 WL 7429439, at *5 (N.D.N.Y. Dec. 23, 2016)); *see also 5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320 (1984) ("To counterbalance the ease with which a party may hinder another's right to transfer property, this court has required strict compliance with the statutory procedural requirements"). Courts routinely deny default judgment where mortgage foreclosure plaintiffs fail to establish RPAPL § 1331 compliance. *See, e.g.*, *Fernandez*, 712 F. Supp. 3d at 335 (denying motion for default judgment because plaintiff failed to submit proof that it filed a notice of pendency and a copy of the amended complaint with the Suffolk County Clerk); *Freedom Mortg. Corp. v. Abass*, No. 22-CV-5577 (CBA)(JRC), 2024 WL 1531096, at *5 (E.D.N.Y. Feb. 22, 2024) ("Plaintiff's failure to demonstrate that it filed a copy of the complaint with the notice of pendency is a separate, independent reason why the Court must deny plaintiff's motion for a

default judgment.") (cleaned up), *R. & R. adopted by* Order Adopting R. & R., *Freedom Mortg. Corp. v. Abass*, No. 22-CV-5577 (CBA)(JRC) (E.D.N.Y. Mar. 20, 2025).

Failure to comply with RPAPL § 1331 in this case also warrants denial of default judgment. Plaintiff submits a copy of the Notice of Pendency filed with the Queens County Clerk on September 23, 2025, and counsel's declaration that the Notice of Pendency was recorded against the Property. (Krapf Decl., ECF No. 17-1 ¶ 11; *id.* Ex. 2, ECF No. 17-3.) The Notice of Pendency attaches counsel's cover letter, a copy of the summons, and the above-described document that appears to include a RPAPL § 1320 notice, but it does not attach a copy of the Complaint. (*Id.*) Neither counsel's declaration nor the Notice of Pendency itself states whether the Complaint was included with Plaintiff's filing to the Queens County Clerk of Court. On this record, Plaintiff does not demonstrate compliance with RPAPL § 1331 and CPLR § 6511 renders the Notice of Pendency defective. *Lemme*, 2025 WL 2144693, at *3 ("A 'defective and void' notice of pendency fails to adequately give notice to any possible parties that obtain an interest in the property from the time the lawsuit was filed until present, thereby potentially causing prejudice."); *Abass*, 2024 WL 1531096, at *5 (recommending denying motion for default judgment for, among other reasons, plaintiff's failure to demonstrate that it filed a copy of the complaint with the notice of pendency).

Accordingly, the Court recommends denial of default judgment for failure to comply with RPAPL § 1331.

**5. CPLR § 3012-b(a)**

CPLR § 3012-b(a) requires a plaintiff seeking foreclosure on a residential property to attach to the complaint a certificate of merit "signed by the attorney for the plaintiff," certifying that (1) "the attorney has reviewed the facts of the case" and (2) after consulting with plaintiff's

representatives and relevant documents, "to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents." N.Y. C.P.L.R. § 3012-b(a). "Where a plaintiff 'willfully fails' to provide the required information, [CPLR] § 3012 authorizes the trial court to 'dismiss the complaint or make such other final or conditional order with regard to such failure as is just. . . .'" *Cruz Rivas*, 2026 WL 1898980, at *5 (quoting N.Y. C.P.L.R. § 3012-b(e)). "Courts have denied motions for default judgment in federal court where the plaintiff failed to show compliance with CPLR § 3012-b(a)." *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2007-5, Asset-Backed Certificates, Series 2007-5 v. Shewtahal*, No. 24-CV-7892 (ERK)(RML), 2025 WL 2402824, at *5 (E.D.N.Y. Aug. 19, 2025) (collecting cases). Here, "Plaintiff failed to attach such a certificate to the Complaint or otherwise serve such a certificate on Defendants and thus failed to demonstrate compliance with CPLR § 3012-b(a)." *Id.* Accordingly, default judgment is not warranted.[5]

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for default judgment at ECF No. 17 should be **denied** and that the Complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to

[5] Notably, if Plaintiff intended to rely on the Complaint for CPLR § 3012-b(a) compliance, that conclusion is foreclosed. Counsel did not sign the Complaint, even though "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P 11 (a).

Defendants at the following address(es): Bibi Ali and Intaz Ali at 101-44 133rd Street Richmond Hills, New York 11419; New York City Environmental Control Board and New York City Department of Finance Parking Violations Bureau at 100 Church Street, New York, New York 10007.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Block. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

**SO ORDERED.**

Brooklyn, New York
September 15, 2026

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge